UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zach Hillesheim, | Civil No.: 17-CV-03982 (JNE/TNL) |
| Plaintiff, | |
| v. | **HOLIDAY STATIONSTORES, INC. AND LYNDALE TERMINAL CO.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Holiday Stationstores, Inc. and Lyndale Terminal Co., | |
| Defendants. | |

Holiday Stationstores, Inc. and Lyndale Terminal Co. (hereafter "Holiday") submit this Memorandum of Law in support of their Motion for Summary Judgment.

## INTRODUCTION

The issues raised in this lawsuit and motion are uncomplicated. Zach Hillesheim ("Hillesheim") alleges that he tried to patronize a Holiday store located in St. Peter, Minnesota, but was unable to do so due to two architectural barriers: 1) the existing access aisle was supposedly on an incline so had an impermissible slope, and 2) there was no accessible route connecting the exit door to the handicapped parking spaces. Hillesheim asserts a single cause of action in this lawsuit, that is, that the above architectural barriers constitute a violation of the Americans with Disabilities Act ("ADA").

It is well settled that under the ADA, an individual can only seek injunctive relief. It is likewise well established that where ADA violations have been resolved, there is no longer any basis for awarding injunctive relief, such that the claim becomes moot. Here, the undisputed evidence reflects that the issues raised by Hillesheim in the Complaint have

1

been addressed, and the parking lot has been brought into compliance with the ADA. Thus, there is no basis upon which Hillesheim can or should be allowed to maintain this lawsuit.

## ISSUE

I.  Can Hillesheim maintain this lawsuit, which asserts only an ADA claim, when the violations alleged in the Complaint have been addressed, such that there is no basis for granting injunctive relief, the only relief available under the ADA?

## STATEMENT OF UNDISPUTED FACTS

Hillesheim is a person with a disability which requires him to use a wheelchair. *See* Am. Complaint, ¶9 (Ex. #1). At the times relevant hereto, Hillesheim lived in Nicollet, Minnesota, but he apparently traveled into the Twin Cities to visit family and friends. *Id.* at ¶8.

Hillesheim claims that on March 20, 2016; March 8, 2017; and August 24, 2017; he attempted to patronize a Holiday store located at 123 W. St. Julien St., St. Peter, Minnesota. *Id.* at ¶12. He alleges that he was unable to patronize the store due to two architectural barriers. *Id.* at ¶21. First, the store had two handicapped accessible parking spaces, but the adjacent access aisle allegedly was on an incline such that it had an impermissible slope. *Id.* at ¶¶13, 14, 24(a). Second, there was no accessible route connecting the exit door to the handicapped parking spaces. *Id.* at ¶24(b). Specifically, Hillesheim claims the exit door exited to a curb ramp which projected into a parking space such that it would not provide an accessible route if a car was parked in that space. *Id.* at ¶¶16, 17, 24(c). And there were obstructions located between the exit door and the entrance ramp preventing him from maneuvering over to the curb ramp located near the entrance door so as to access the handicapped parking spaces that way. *Id.* at ¶18.

2

Hillesheim commenced this lawsuit by filing it with the Court on or about August 25, 2017. In the lawsuit, Hillesheim alleges that the above architectural barriers constitute a violation of the ADA. *Id.*, generally. Waivers of service were executed by Holiday's counsel on September 13, 2017. *See* ECF No. 4. By mid-October 2017, Holiday had made upgrades to the store's parking lot which address each of the issues raised in Hillesheim's Complaint.

Specifically, the store continues to have two, albeit new, handicapped parking spaces. *See* Photos (Ex. #5). Each parking space has an adjacent access aisle that is on the same level as the parking spaces they serve. *Id.* and Beaton Decl., ¶10 (Ex. #4). The parking spaces and access aisles do not have slopes steeper than 1:48 (or approximately 2.08%). *Id.*; Hansmeier Decl., ¶¶7, 10, 13 (Ex. #3); Beaton Decl., ¶¶7, 10, 13 (Ex. #4). Each access aisle leads directly to a curb ramp that allows access into the entrance door and access from the exit door. *See* Photos (Ex. #5). A route, marked to prohibit parking, was installed behind the handicapped parking spaces and access aisles which allows persons to traverse from one access aisle to the other, if necessary. *Id.*

On March 14, 2018, a site inspection was conducted at the Holiday store. *See* Hansmeier Decl., ¶3 (Ex. #3). Subsequently, Hillesheim produced a Declaration of Peter Hansmeier which sets forth the various measurements he took during the inspection. *Id.*, generally. Notably, nowhere in the Declaration does Hansmeier ever state or opine that the specific issues raised in the Complaint have not been addressed or brought into compliance with the ADA nor, in fact, does Hansmeier state that there are any ongoing ADA violations with regard to the Holiday store's parking lot. *Id.* On May 29, 2018,

Casey Beaton conducted a separate inspection of the parking lot during which he verified most of the measurements taken by Hansmeier. *See* Beaton Decl., ¶3 (Ex. #4). In a Declaration of Casey Beaton produced on June 1, 2018, Beaton expressly stated that the measurements taken by Hansmeier, and verified by Beaton, meet the requirements of the ADA. *Id.*, generally.

## LAW AND ARGUMENT

### I.      Standard Of Review For Summary Judgment Motions.

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). The nonmoving party, however, may not rest on mere allegations or denials, but must show, through admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (Minn. 1986).

### II.     Because Holiday Has Addressed All Issues Raised By Hillesheim, His ADA Claim Is Moot And Should Be Dismissed As There Is No Further Relief He Can Obtain.

Under Title III of the ADA, a plaintiff cannot seek monetary damages. *See e.g. Davis v. Queen Nelly, LLC*, 2016 WL 5868066 at *1 (D. Minn.); *Saunders v. Mayo Clinic*, 2015 WL 774132, *5 (D. Minn.); *Stebbins v. Legal Aid of Ark.*, 512 F. App'x 662, 663 (8th

4

Cir. 2013); 42 US.C. § 12188(a)(1). A private party's sole remedy is to seek injunctive relief. *Id.*

Thus, where ADA violations have been fixed, such that there is no basis for imposing injunctive relief, and a favorable determination on the ADA claim would not provide any further redress, such claims are subject to dismissal. *See Davis v. Queen Nelly, LLC*, 2016 WL 5868066 at *1 (recognizing a favorable resolution of ADA claim could not do anything to redress the parking lot issues as the alleged problems had been fixed); *Disability Support Alliance v. Geller Family Ltd. Partnership III*, 160 F.Supp.3d 1133, 1136 and 1138 (D. Minn. 2016) (finding plaintiffs did not have standing to assert ADA claim where renovations to parking lot redressed alleged violations); *Hillesheim v. Casey's Retail Co.*, 2016 WL 3676164, *1 (noting parties agreed Hillesheim's ADA claim was moot because it only sought prospective relief, and after filing his complaint, the air hose at issue was moved away from the accessible parking spot).

Here, the access aisles are not located on an incline but, instead, they are at a permissible slope and on the same level as the parking spaces they serve. The curb ramp located near the exit door no longer projects into a parking space but, instead, leads directly into an access aisle. While Hansmeier noted that there were some obstructions located on the sidewalk between the exit and entrance doors, there is no need for someone to maneuver between the dedicated exit and entrance doors using the sidewalk. *See* Hansmeier Decl., ¶¶25, 26 (Ex. #3); Beaton Decl., ¶26 (Ex. #4). The alternative route located behind the

parking spaces provides an accessible route between the access aisles and, in turn, between the curb ramps and doors.[1] *Id.*; Photos (Ex. #5).

The parking lot has thus been brought into compliance with the ADA, and Holiday intends to keep it in compliance. *See* Beaton Decl., ¶27 (Ex. #4). There is no longer any need or basis upon which to impose injunctive relief, the only relief Hillesheim is allowed under the ADA. The ADA claim is therefore moot and should be dismissed.

## CONCLUSION

Because Holiday has addressed each of the issues asserted by Hillesheim and brought the parking lot into compliance with the ADA, Hillesheim's ADA claim is moot. Therefore, Holiday respectfully requests that its Motion for Summary Judgment be granted, and that Hillesheim's Complaint be dismissed with prejudice.

Dated: 8/29/2018

COUSINEAU, VAN BERGEN, MCNEE & MALONE, P.A.

By: *Tamara L. Novotny*
**Tamara L. Novotny**   #029617X
Attorneys for Holiday Stationstores, Inc. and Lyndale Terminal Co.
12800 Whitewater Drive, Suite 200
Minnetonka, MN 55343
952-546-8400
tnovotny@cvmmlaw.com

4852-8951-6657, v. 1

---

[1] A moveable car wash sign was, nevertheless, removed and staff were instructed to keep the sidewalk clear.

6