UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zach Hillesheim,

    Plaintiff,

v.                                                            Civil No. 17-3982 (JNE/TNL)
                                                             ORDER

Holiday Stationstores, Inc. and
Lyndale Terminal Co.,

    Defendants.

Plaintiff Zach Hillesheim alleges that Defendants Holiday Stationstores, Inc. and Lyndale Terminal Company ("Defendants") violated Title III of the Americans with Disabilities Act ("ADA"). Defendants move for summary judgment. Hillesheim opposes the motion. The Court grants summary judgment.

## BACKGROUND

"Title III of the ADA proscribes discrimination in places of public accommodation against persons with disabilities. *See* 42 U.S.C. § 12182(a)." *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). In relevant part, discrimination includes the "failure to remove architectural barriers" to the "full and equal enjoyment of" "place[s] of public accommodation" by persons with disabilities. 42 U.S.C. § 12182. The ADA provides a private right of action to any person "subjected to discrimination on the basis of disability." *Id.* § 12188(a).

Hillesheim has been paralyzed below the waist since he was an infant. He relies on a wheelchair for mobility. ECF No. 20 at 3. His Amended Complaint alleges that he visited a Holiday convenience store in St. Peter, Minnesota on March 20, 2016, March 8, 2017, and August 24, 2017. *Id.* at 4. During these visits, Hillesheim encountered discriminatory architectural barriers that prevented his full and equal access to the Holiday store. He cites three architectural barriers:

1. "[T]he access aisle shared by both parking spaces reserved as accessible parking spaces contained a slope greater than 1:48, in violation of ADAAG 502.4."[1] *Id.* at 5.
2. "No accessible route connected the 'Holiday' store exit and the accessible parking spaces, in violation of ADAAG 206.2.1." *Id.* at 5-6.
3. "The curb ramp connecting the 'Holiday' store exit and the parking lot led directly to a parking space where . . . a car could park and reduce the clear width of the accessible route to less than 36 inches, in violation of ADAAG 403.5.1." *Id.* at 6.

For this alleged violation of the ADA, Hillesheim's Amended Complaint requests injunctive relief, attorneys' fees, and nominal damages. *Id.* at 9-10.

In their motion for summary judgment, Defendants provide evidence that they remedied the above architectural barriers. ECF Nos. 23, 25, 26. Accordingly, Defendants argue that an injunction would accomplish nothing. They conclude that Hillesheim's claim is moot, he lacks standing, and the Court must dismiss this action.

---

[1] "ADAAG" stands for "ADA Accessibility Guidelines." "The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities." *Davis v. Anthony, Inc.*, 886 F.3d 674, 676 n.2 (8th Cir. 2018) (citation omitted). The ADAAG is located in the appendices to 36 C.F.R. § 1191.

2

Hillesheim insists that summary judgment is improper, as a genuine dispute of material fact exists regarding Defendants' compliance with the ADA. In the alternative, Hillesheim maintains that, even if no genuine dispute exists, his claim is not moot because he is still entitled to recover nominal damages.

## LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if its resolution will affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In making these determinations, the Court draws all reasonable inferences from the evidence in favor of the nonmoving party. *Id.* at 255.

As stated above, Defendants here request summary judgment on jurisdictional grounds. They allege that there is no genuine dispute that Hillesheim lacks standing. Standing is rooted in Article III of the United States Constitution, which provides that "federal courts may hear only actual cases or controversies." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 790 (8th Cir. 2018). "When the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot." *Id.* at 790-91 (citation omitted). A claim becomes moot "when 'changed circumstances already provide the requested relief and eliminate the need for court action.'" *Id.* at 791 (citation

3

omitted). In other words, a claim is moot, and a court lacks subject matter jurisdiction over it, if the claim involves injury that cannot "be redressed by a favorable decision." *Steger*, 228 F.3d at 892.

## DISCUSSION

For the reasons below, there is no genuine dispute that Defendants remedied the architectural violations. As a result, there are no grounds for injunctive relief. Because nominal damages are unavailable under Title III of the ADA, Hillesheim's alleged injury cannot be "redressed by a favorable decision." *Id.* The Court dismisses this action as moot.

### I.   Genuine Dispute of Material Fact.

Defendants provide affidavits and photographs establishing the creation of new parking spaces and the remediation of the three architectural violations listed above. ECF Nos. 25, 26. Defendants explain that the "parking lot has thus been brought into compliance with the ADA, and [Defendants] intend[] to keep it in compliance." ECF No. 25 at 6.

For his part, Hillesheim does not dispute that Defendants remedied the three architectural violations. Still, he claims that "the parties have at least one conflicting measurement which creates a genuine issue of material fact for purposes of summary judgment." ECF No. 28 at 4. This conflicting measurement "relates to the slope of the curb ramp flares near the exit door." *Id.* at 7. Hillesheim's expert "collected a

measurement of 6.2 degrees on the curb ramp flare, which exceeds the maximum slope allowed" under ADAAG 406.3.  In contrast, the measurements of Defendants' experts showed curb ramp flares compliant with ADAAG 406.3.  ECF No. 26-2 at 25.

This dispute does not prevent summary judgment.  Hillesheim's "complaint [had to] say enough to give the [Defendants] 'fair notice of what [his] claim is and the grounds upon which it rests.'"  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (citation omitted).  Hillesheim never cited the curb ramp flares or ADAAG 406.3 in his Amended Complaint.  As a result, Defendants had no notice of, and Hillesheim failed to assert, a claim under the ADA for discriminatory curb ramp flares.  *See, e.g.*, *Davis v. Anthony, Inc.*, 886 F.3d 674, 677 (8th Cir. 2018) (finding that plaintiff failed to assert violations of ADAAG not listed in the complaint); *Davis v. Queen Nelly, LLC*, 16-cv-2553, 2016 WL 5868066, at *2 (D. Minn. Oct. 6, 2016) (finding that plaintiff failed to assert claims for violations involving architectural barriers omitted from the complaint). A dispute about Defendants' curb ramp flares will not therefore affect the outcome of the claim Hillesheim actually asserted.  So the dispute is not material.  *See Liberty Lobby*, 477 U.S. at 248 (finding that disputes are material if they affect the outcome of the suit).

In short, it is undisputed that the architectural barriers asserted in the Amended Complaint no longer exist.  And Hillesheim fails to offer evidence of any genuine dispute of material fact.

## II.   Nominal Damages.

Nevertheless, Hillesheim insists that, even if there exists no genuine dispute about Defendants' ADA compliance, the Court should not dismiss his claim as moot. He reasons that the Court can remedy his injury by granting equitable nominal damages. *See Advantage Media, LLC v. City of Eden Prairie*, 456 F.3d 793, 803 (8th Cir. 2006) (stating that availability of nominal damages is sufficient to create standing).

But Hillesheim cannot recover nominal damages. The Eighth Circuit has found that injunctive relief is the sole private remedy under Title III.[2] *See, e.g.*, *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (stating that "Title III only provides injunctive relief"); *Stebbins v. Legal Aid of Arkansas*, 512 F. App'x 662, 663 (8th Cir. 2013) (stating that the "only [private] remedy for violation of Title III of ADA is injunctive relief"); *Davis v. Queen Nelly, LLC*, 16-cv-2553, 2016 WL 5868066, at *1 (D. Minn. Oct. 6, 2016) ("A plaintiff may recover only injunctive relief—and not damages—under Title III of the ADA."). Hillesheim cites no case where a court granted nominal damages to a private litigant under Title III. Nor is there any statutory authority for imposing nominal damages in a private right of action under Title III.

---

[2] Hillesheim cites two cases to support his argument for nominal damages: *Shaver v. Indep. Stave Co.*, 350 F.3d 716 (8th Cir. 2003) and *Bayer v. Neiman Marcus Grp, Inc.*, 861 F.3d 853 (9th Cir. 2017). Both cases concern the enforcement remedies available under Title I of the ADA, which governs employment discrimination. Neither case addresses the enforcement remedies available under the Title III claim at issue here.

### III. Conclusion.

Defendants fixed their architectural barriers. There is thus no basis for an injunction requiring them to fix these barriers. No other remedies are available to Hillesheim. His claim is therefore moot, as "changed circumstances already provide the requested relief, " and the Court lacks subject matter jurisdiction.[3] *Hillesheim*, 903 F.3d at 791. Accordingly, IT IS ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 23] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 3, 2018

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[3] Although "voluntary cessation of a challenged practice does not necessarily moot a case," "a case may become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Hillesheim*, 903 F.3d at 791 (citation omitted). The creation of new parking spaces here establishes clearly that Defendants will not resume their allegedly wrongful behavior. *See id.* ("There is no reason to believe that Holiday spent considerable time and money to renovate its parking lot only to change it back once this litigation is over. Holiday's changes, in other words, went far beyond a mere voluntary cessation of alleged illegal conduct.")